# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RANDAL MILLER, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | COMPLAINT, JURY DEMAND, AND |
| v. | ) | DESIGNATION OF PLACE FOR TRIAL |
| | ) | |
| NCO GROUP INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## Nature of Action

1.     Randal Miller ("Plaintiff") brings this action against NCO Group, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## Jurisdiction and Venue

2.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

3.     Venue is proper in this Court under 28 U.S.C. § 1391(b) as the acts and transactions giving rise to Plaintiff's action occurred in this district, and as Defendant transacts business in this district.

## Parties

4.     Plaintiff is a natural person who at all relevant times resided in Lincoln, Nebraska.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant is an entity based in Horsham, Pennsylvania.

7.     Defendant was at all relevant times engaged, by use of telephone, in the business of attempting to collect from Plaintiff a "debt" as defined by 15 U.S.C. § 1692a(5).

8.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

9.      From October 2013 through January 2014, and in connection with its attempt to collect a consumer debt allegedly owed by an individual other than Plaintiff to one of Defendant's clients, Defendant placed no less than 339 calls to Plaintiff's cellular telephone number—(989) 392-███.

10.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed them by using an automatic telephone dialing system.

11.     Defendant used a variety of telephone numbers to place the calls to Plaintiff's cellular telephone number, including, but not limited to: (301) 223-0072; (313) 444-2971; (313) 444-3918; (410) 881-5532; (603) 589-7558; (609) 373-1909; (612) 844-0919; (703) 656-9963; (804) 952-9946; (877) 278-5297; (951) 289-4371; (972) 217-8339.

12.     On four occasions—specifically, December 23, 2013, December 24, 2013, December 26, 2013, and December 31, 2013—Defendant placed calls to Plaintiff's cellular telephone number before 8:00 am.

13.     Plaintiff is not one of Defendant's customers.

14.     Plaintiff does not have, and at no point had, any business relationship with Defendant.

15.     Plaintiff never provided Defendant with his cellular telephone number.

16.     Defendant did not have prior express consent to place the calls to Plaintiff's cellular telephone number by using an automated telephone dialing system.

17.   Upon information and good faith belief, Defendant placed the calls to Plaintiff's cellular telephone number for non-emergency purposes.

18.   Upon information and good faith belief, Defendant placed the calls to Plaintiff's cellular telephone number voluntarily.

19.   Upon information and good faith belief, Defendant placed the calls to Plaintiff's cellular telephone number under its own free will.

20.   Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place the calls to the Plaintiff's cellular telephone number.

21.   Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place the calls to the Plaintiff's cellular telephone number.

22.   Upon information and good faith belief, Defendant maintains business records that show all the calls it placed to Plaintiff's cellular telephone number.

### Count I
### Violation of 47 U.S.C. § 227(b)(1)(a)(iii)

23.   Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 22.

24.   Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to Plaintiff's cellular telephone number, without his prior express consent.

25.   Defendant knowingly and willingly violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to Plaintiff's cellular telephone number, without his prior express consent.

**Count II**
**Violation of 15. U.S.C. § 1692d**

26.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 22.

27.     Defendant violated 15 U.S.C. § 1692d engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

**Count III**
**Violation of 15. U.S.C. § 1692d(5)**

28.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 22.

29.     Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's cellular telephone to ring, or by engaging Plaintiff in telephone conversation repeatedly or continuously, with intent to annoy, abuse, or harass him, in connection with the collection of a debt.

**Count IV**
**Violation of 15. U.S.C. § 1692e(2)(a)**

30.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 22.

31.     Defendant violated 15 U.S.C. § 1692e(2)(a) by falsely representing the character, amount, or legal status of a debt, in that it sought payment of a consumer debt from Plaintiff, who did not owe the debt.

**Trial by Jury**

32.     Plaintiff is entitled to, and hereby demands, a trial by jury in Lincoln, Nebraska.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

b)  Enjoining Defendant from continuing its violative behavior;

c)  Awarding Plaintiff damages under 47 U.S.C. § 227(b)(3)(B);

d)  Awarding Plaintiff treble damages under 47 U.S.C. § 227(b)(3);

e)  Adjudging that Defendant violated 15 U.S.C. § 1692d, 1692d(5), and 1692e(2)(A);

f)  Awarding Plaintiff statutory damages under 15 U.S.C. § 1692k(a)(2)(A);

g)  Awarding Plaintiff attorneys' fees and costs under 15 U.S.C. § 1692k(a)(3);

h)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

i)  Awarding such other and further relief as this Court may deem just and proper.


Date: November 12, 2014                    Respectfully Submitted,

                                           /s/ Jeffry D. Patterson
                                           Jeffry D. Patterson
                                           1411 H. St.
                                           Lincoln, NE 68508
                                           Phone: (402) 476-2847
                                           jpatterson@bartlegeierlaw.com

                                           Aaron D. Radbil (*pro hac vice application to follow*)
                                           Greenwald Davidson PLLC
                                           5550 Glades Rd, Ste. 500
                                           Boca Raton, FL 33431
                                           Phone: (561) 826-5477
                                           Fax: (561) 961-5684
                                           aradbil@mgjdlaw.com