## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

RANDAL MILLER,                           )
                                     )   Case No. 4:14-cv-03222
    Plaintiff,       )
                                     )   **RULE 26(f) REPORT**
    v.               )
                                     )
NCO GROUP INC.                           )
                                     )
    Defendant.       )
_____  )

      The following attorneys conferred to prepare the Report of Parties' Planning Conference

for the above-captioned case:

      Aaron D. Radbil
      Greenwald Davidson Radbil PLLC
      5550 Glades Rd., Suite 500
      Boca Raton, FL 33431
      T: (561) 826-5477
      F: (561) 961-5684
      aradbil@gdrlawfirm.com
      **Counsel for Plaintiff**

      Adam J. Prochaska – NE 22307
      Harding & Shultz, P.C., L.L.O.
      P.O. Box 82028
      Lincoln, Nebraska 68501-2028
      T: (402) 434-3000
      F: (402) 434-3030 (fax)
      aprochaska@hslegalfirm.com
      **Counsel for Defendant**

      The parties discussed the case and jointly make the following report:

**I.**     **INITIAL MATTERS:**

      A.    <u>Jurisdiction and Venue</u>:  The defendant

           _____ does

-1-

  X  does not

contest jurisdiction and/or venue.  If contested, such position is because:

  1)  Jurisdiction: N/A

  2)  Venue:  N/A

B.  <u>Immunity</u>:  The defendant

  _____ has raised

  _____ will raise

  X  will not raise

an immunity defense based on  N/A  .

C.  If either jurisdiction or venue is being challenged, or if a defense of immunity will be raised, state whether counsel wish to delay proceeding with the initial phases of discovery until those issues have been decided, and if so, state (i) the earliest a motion to dismiss or transfer will be filed, and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion. N/A

D.  Rule 11 Certification:  As a result of further investigation as required by Fed. R. Civ. P. 11, after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered). N/A

## II.  CLAIMS AND DEFENSES:

A.  **<u>Plaintiff's Claims, Elements, Factual Application</u>**:  The elements of the plaintiff's claims and the elements disputed by defendant are as follows.  For each claim, list and number each substantive element of proof and the facts plaintiff claims make it applicable or established in this case (DO NOT repeat boilerplate allegations from pleadings):

  a.  Plaintiff alleges that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to Plaintiff's cellular telephone number, without his prior express consent.

DEFENDANT DISPUTES THE FOLLOWING:

-2-

1.    That the telephone system allegedly used to dial plaintiff's phone meets the definition of an automatic telephone dialing system.

2.    That plaintiff was the subscriber to the alleged phone number at issue, at all relevant times.

3.    That Defendant was without prior express consent in placing the alleged calls.

b.    Plaintiff alleges that Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's cellular telephone to ring, or by engaging Plaintiff in telephone conversation repeatedly or continuously, with intent to annoy, abuse, or harass him, in connection with the collection of a debt.

DEFENDANT DISPUTES THE FOLLOWING:

1.    That the alleged calls meet the definition of repeatedly or continuously under the FDCPA.

2.    That the alleged calls were made with intent to annoy, abuse, or harass.

c.    Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e(2)(a) by falsely representing the character, amount, or legal status of a debt, in that it sought payment of a consumer debt from Plaintiff, who did not owe the debt.

DEFENDANT DISPUTES THE FOLLOWING:

1.    That it sought payment of a consumer debt from plaintiff.

B.    **Defenses**.  The elements of the affirmative defenses raised by the pleadings are as follows.  List each affirmative defense raised or expected to be raised by the defendant(s), the substantive elements of proof for it, and how the defendant claims the facts of this case make such defense applicable or established.  (DO NOT repeat boilerplate allegations from pleadings or deny matters on which the plaintiff has the burden of proof):

1)    **DEFENSE ONE: Consent.**

Elements: Prior express consent.

Factual Application: Plaintiff provided his telephone number to the creditor on whose behalf defendant placed all calls at issue, thus creating consent.  Furthermore, plaintiff provided express consent orally to Defendant.

Of these elements, the plaintiff disputes the following: _____

2)    **DEFENSE TWO: Bona Fide Error**

-3-

Elements: Unintentional, error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Factual Application: Defendant denies any wrongdoing under the FDCPA, however, any potential errors were made despite the maintenance of specific practices and procedures adapted to avoid placing repeated calls and seeking payment from those other than the appropriate debtor.

Of these elements, the plaintiff disputes the following: _____

3)   **DEFENSE THREE: Statue of limitations**

Elements: One or more of plaintiff's claims are barred by the statute of limitations.

Factual Application: Some calls alleged by plaintiff were made prior to the applicable period allowed by statute under the FDCPA and/or TCPA.

Of these elements, the plaintiff disputes the following: _____

4)   **DEFENSE FOUR: Causation**

Elements: Any harm suffered by plaintiff was legally or proximately caused by persons or entities other than Defendant and were beyond its control or supervision or for whom Defendant was and is not responsible or liable.

Factual Application: Through discovery, Defendant will learn the nature and extent of plaintiff's alleged injuries. Defendant reserves the right to defend on the grounds that such injuries were caused by those other than Defendant as Defendant denies causing plaintiff any injury.

Of these elements, the plaintiff disputes the following: _____

5)   **DEFENSE FIVE: Standing**

Elements: Plaintiff was not injured by the actions alleged, the injury complained of was not caused by the conduct alleged, and a ruling in plaintiff's favor will not address the injury alleged.

Factual Application: Plaintiff was not the subscriber to the phone number at issue during the applicable time frame and/or plaintiff was not charged for any of the calls alleged.

Of these elements, the plaintiff disputes the following: _____

6)   **DEFENSE SIX: Failure to state a claim upon which relief can be granted**

Elements: Defendant failed to allege factual matter, if accepted as true, that states a claim for relief that rises above the speculative level and is plausible on its face.

Factual Application: Plaintiff failed to allege sufficient facts to support a claim that Defendant used an automatic telephone dialing system or prerecorded messages. Plaintiff further failed to allege sufficient facts to support that plaintiff owned the phone number at issue during the relevant

time frame and that the number is associated with a phone subject to the TCPA. Plaintiff further failed to allege sufficient factual matter to support a claim that Defendant made repeated calls with intent to harass plaintiff or that Defendant sought payment from plaintiff.

Of these elements, the plaintiff disputes the following: _____

7) **DEFENSE SEVEN: Avoidable consequences**
Elements: Plaintiff failed to take reasonable steps to prevent or correct the alleged violations, unreasonably allowed the alleged violations to continue, and failed to take any actions attempting to mitigate damages.
Factual Application: Plaintiff knowingly and intentionally allowed and facilitated the alleged calls by asking Defendant to call back on multiple occasions.

Of these elements, the plaintiff disputes the following: _____

## III.    SETTLEMENT:

Counsel state:

_____ There have been no efforts taken yet to resolve this dispute.

X_____ This dispute has been the subject of efforts to resolve it

   X       prior to filing in court.

   _____ after court filing, but before the filing of this report.

   Those efforts consisted of written and oral settlement communications.

X_____ Counsel have discussed the court's Mediation Plan and its possible application in this case with clients and opposing counsel.

   X_____ Mediation will be appropriate in this case at some point.

   _____ Mediation will not be appropriate because _____.

X_____ Counsel believe that with further efforts in the future, the case can be settled. The parties will be prepared to discuss settlement, or again discuss settlement, by August 14, 2015.

## IV.    CASE PROGRESSION:

A.    Do any of the parties believe an initial planning conference would be beneficial and/or should be held before a final scheduling order is entered?

No.

B.      Mandatory disclosures required by Rule 26(a)(1), including a statement of how each matter disclosed relates to the elements of the disclosing party's claims or defenses

_____ have been completed.

X_____ will be completed by February 6, 2015.

C.      Motions to amend the pleadings or to add parties.

1)      The plaintiff

X_____ does

_____ does not

anticipate need to amend pleadings or add parties.  Any motions to amend pleadings shall be filed by April 9, 2015.

2)      The defendant

_____ does

X_____ does not

anticipate need to amend pleadings or add parties.  Any motions to amend pleadings shall be filed by April 9, 2015.

If more than ninety days are needed, state the reason(s) why such time is necessary.

N/A

D.      Experts.

1)      If expert witnesses are expected to testify at the trial, counsel agree to at least **identify** such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2)), by September 18, 2015.

2)    Experts and, unless otherwise agreed, expert **reports** shall be served by <u>October 23, 2015</u>. **Note**: The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

3)    Motions to exclude expert testimony on *Daubert* and related grounds will be filed by <u>December 18, 2015</u>.

E.    Discovery.

1)    Written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by <u>August 14, 2015</u>.

2)    Depositions, whether or not they are intended to be used at trial, will be completed by <u>August 14, 2015</u>.

3)    Agreed Discovery Procedures:

a.    <u>Unique Circumstances</u>. The following facts or circumstances unique to this case will make discovery more difficult or more time consuming:    N/A

Counsel have agreed to the following actions to address that difficulty:

<u>N/A</u>

b.    <u>Electronic Discovery Provisions</u>:    Counsel have conferred regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

(i)    The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;

(ii)    The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

(iii)    The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;

(iv)    Whether reasonable measures have been implemented to preserve such data;

(v)     The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;

(vi)    The form and method of notice of the duty to preserve;

(vii)   Mechanisms for monitoring, certifying, or auditing custodial compliance;

(viii)  Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;

(ix)    Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;

(x)     The anticipated costs of preserving these materials and how such costs should be allocated; and

(xi)    The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

X_____No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

_____ As to electronically stored information, the following provisions will be followed by the parties:

N/A

c.    Privileged and/or confidential communications and information.

**General practice**: Under the court's general practice, if any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall, for each document, disclose a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity

-8-

and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure. The non-producing party may move to compel documents identified on the privilege log. The producing party may also seek a protective order to preserve the privilege or confidentiality of the documents identified.

**Special provisions**.   To facilitate an early, efficient, and expeditious resolution of discovery issues which may arise related to documents withheld on the basis of alleged privilege or confidentiality, the parties shall discuss and consider:

(i)   Whether the parties anticipate discovery issues or challenges arising from non-disclosure of allegedly confidential information;

(ii)   Whether reasonable date ranges should be established after which privilege log entries for privileged or confidential information need not be made; and

(iii)   As contemplated by Rule 502(e) of the Federal Rules of Evidence, the need for and terms of any agreement regarding disclosure of privileged attorney-client communications or confidential work product, and whether the parties will seek court approval of any such agreement.

The parties agree that:

_X_____No special provisions are needed regarding discovery of allegedly confidential information. If such issues arise, they will be resolved in accordance with the court's general practice.

_____ In addition to, or in lieu of the court's general practice for asserting confidentiality claims and resolving disputes over nondisclosure of allegedly confidential information, the parties agree the following provisions will be followed: _____.

d.   The maximum number of interrogatories, including sub-parts, that may be served by any party on any other party is 25.

e.     The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 10.

f.     Depositions will be limited by Rule 30(d)(1), except the depositions of N/A, which by agreement shall be limited as follows: N/A.

g.     The parties stipulate that they will be required to give at least ten (10) days' notice of their intention to serve records/documents or subpoenas on third parties prior to issuance.  See NECivR 45.1

h.     Other special discovery provisions agreed to by the parties include:

N/A

F.     The following claims and/or defenses may be appropriate for disposition by dispositive motion (motion to dismiss or for summary judgment or partial summary judgment): All of Plaintiff's claims, and Defendant's defenses may be appropriate for disposition by dispositive motion.

Motions to dismiss and/or for summary judgment will be filed by November 20, 2015.

G.     Other matters to which the parties stipulate and/or which the court should know or consider:

N/A

H.     Consent to Trial Before Magistrate Judge.

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals.  If the parties do not presently consent, they may do so at a later time and the case will remain with the assigned United States District Judge or, if not previously assigned, will be randomly assigned to a United States District Judge.

_____ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct any and all further proceedings in this case including the trial, and order the entry of final judgment.

X____ All parties do not consent at this time.

-10-

I.  Trial date.

    1)  Jury Trial:

        a.  _____ No party has timely demanded a jury trial.

        b.  __X____ A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

        c.  _____ A party has demanded a jury trial, and the parties disagree on whether trial by jury is available in this case.  A motion to strike the (plaintiff's/defendant's) demand for jury trial will be filed no later than _____.

        d.  _____ Having previously demanded a jury trial, the plaintiff now waives jury trial.  The defendant will file a demand for jury trial within _____ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

        e.  _____ Having previously demanded a jury trial, the defendant now waives jury trial.  The plaintiff will file a demand for jury trial within _____ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

    2)  This case will be ready for trial before the court by: _(March 21, 2016)_.  If more than eight months are required, state the special problems or circumstances that necessitate that much time for trial preparation.
The nature of Plaintiff's claims, as well as the potential need for expert discovery, may necessitate a trial setting more than 8 months from the date of this report.

    3)  The estimated length of trial is 3 days.

Dated:  1-21-15

_____    _____ 1-22-15
Counsel for Plaintiff(s)           Counsel for Defendant(s)

-11-

CERTIFICATE OF SERVICE

I hereby certify that on ___1-22-15___, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: _Aaron Radbil, Counsel for Plaintiff_____, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: ____N/A_____.

s/ _____

(Rev. 6/9/11)